JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ronald Brain Gray

**DEFENDANTS**
City of Lancaster d/b/a Police Department; Officer Jake Bingham and Officer Timothy Sinnot

**(b)** County of Residence of First Listed Plaintiff   Lancaster County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gary Schafkopf, 11 Bala Ave Bala Cynwyd PA 19004; 610-664-5200
Matthew Weisberg, 7 S. Morton Ave Morton PA 19070; 610-690-0801
Brian Mildenberg, 1735 Market Street, Suite 3750 19103; 215-545-4870

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1331; 42 USC Section 1983 et sq
Brief description of cause:
To Remedy Excessive Force/Denial of Civil Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 10-19-18
SIGNATURE OF ATTORNEY OF RECORD   *Gary Schafkopf*

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Ronald Brian Gray | : | CIVIL ACTION |
| v. | : | |
| City of Lancaster d/b/a Police Department et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 10-19-18 | Gary Schafkopf, Esq | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-5200 Ext 104 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __21 South Mary Street, Lancaster PA 17603__

Address of Defendant: __39 W. Chestnut Street Lancaster PA 17603__

Place of Accident, Incident or Transaction: __South Mary Street Lancaster PA 17603__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/19/2018__   *Attorney-at-Law / Pro Se Plaintiff*   __83362__
*Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Gary Schafkopf__, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __10-19-18__   *Attorney-at-Law / Pro Se Plaintiff*   __83362__
*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

WEISBERG LAW
Matthew B. Weisberg, Attorney ID No. 85570
7 South Morton Ave. 19070
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

SCHAFKOPF LAW, LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
**Attorney for Plaintiff**

MILDENBERG LAW FIRM
Brian R. Mildenberg, Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
215-545-4870
Fax:215-545-4871
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD BRIAN GRAY**<br>21 South Mary Street,<br>Lancaster, PA 17603<br>           Plaintiff<br><br>                    v.<br><br>**CITY OF LANCASTER d/b/a POLICE DEPARTMENT**<br>39 W. Chestnut Street<br>Lancaster, PA 17603<br><br>and<br><br>**OFFICER JAKE BINGHAM Individually, and in his official capacity as an Officer for the Lancaster Police Department**<br>39 W. Chestnut Street<br>Lancaster, PA 17603<br><br>and<br><br>**OFFICER TIMOTHY SINNOT Individually, and in his official capacity as an Officer for the Lancaster Police Department**<br>39 W. Chestnut Street<br>Lancaster, PA 17603<br>           Defendants. | COMPLAINT<br><br>To Remedy Excessive Force/Denial of Civil Rights Pursuant to 42 USC Sec. 1983 et sq<br><br><br>JURY OF TWELEVE (12) JURORS DEMANDED |

## NATURE OF ACTION

1. Plaintiff, Ronald Brian Gray, brings this lawsuit against Defendant, the Lancaster Police Department, to remedy violation of his civil rights and the use of excessive force on the part of the Lancaster Police Department. The Lancaster Police use of force was objectively unreasonable in light of the facts and circumstances confronting them when Plaintiff had not committed any infraction or otherwise to legally justify the force used by Defendants in violation of federal law.

## PARTIES

2. Plaintiff, Ronald Brian Gray, is an adult individual, residing at 21 South Mary Street, Lancaster, Pennsylvania 17603. Plaintiff is African American.

3. Defendant, the City of Lancaster, doing business as the Lancaster Police Department ("LPD") is located at 39 W. Chestnut Street, Lancaster, Pennsylvania 17603. Defendant is a municipality, duly organized and existing under the laws of the Commonwealth of Pennsylvania.

4. Officer Sinnott ("Sinnott") who, at all times material herein, was employed as an Officer for the LPD, is sued both individually and in his official capacity.

5. Officer Bingham ("Bingham") who, at all times material herein, was employed as an Officer for the LPD, is sued both individually

## JURISDICTION AND VENUE

6. The above paragraphs are incorporated herein by reference.

7. Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

8. Venue is proper in the Eastern District of Pennsylvania, as the facts and transactions involved in the discrimination complained of herein occurred in large part in the judicial district of Lancaster County, Pennsylvania.

## STATEMENT OF FACTS

9. The above paragraphs are incorporated herein by reference.
10. The LPD, in a number of unlawful and discriminatory acts used excessive force by grabbing the Plaintiff by the neck and dragging him from his truck, slamming him on the ground, repeatedly slamming his head on the ground, stepping on his legs and dragging him through the street.
11. On March 22, 2018, Plaintiff was across the street from his house working on the radio in his truck. The door was ajar and Plaintiffs legs were hanging out of the truck door.
12. At no time was Plaintiff operating the truck.
13. Upon information and belief, after a few minutes of the Plaintiff working on the radio, police appeared on the scene.
14. Police Officers Bingham and Sinnott parked their vehicle approximately 50 yards away blocking the street and approached Plaintiff.
15. Upon information and belief, the LPD officers on the scene were white.
16. The officers asked Plaintiff, who is black, to identify himself.
17. The Plaintiff refused and asked the Officers why they were harassing him.
18. The Plaintiff uses marijuana to help with the pain from his disability. He does not have a medical marijuana card.
19. At some point during this interaction, the Officers noticed the remnants of a marijuana cigarette in Plaintiff's ashtray.

20. The Officers instructed the Plaintiff to put his hands on the wheel and the Plaintiff complied without resistance.

21. The Officers then instructed the Plaintiff to put his hands on his head.

22. The Plaintiff pointed to his disability placard and informed the Officers that due to having 3 discs removed from his spine and 2 knee replacements that he could not put his hands over his head.

23. The officer again instructed Plaintiff to put his hands on his head.

24. Plaintiff responded that he was not resisting but that he was unable to move his hands above his shoulders.

25. At which point, Officer Sinnot grabbed the Plaintiff by the neck and physically removed him from the car slamming him to the ground.

26. At some point during the altercation, the Officers asked Plaintiff if he had any other marijuana in his possession.

27. Not wanting the cause any further trouble, Plaintiff immediately told the Officers he had marijuana in his groin area.

28. After retrieving the marijuana from Plaintiff, Officer Sinnott grabbed Plaintiff by the neck and slammed his head into the ground approximately three times.

29. Officer Bingham then stood with both feet on Plaintiff's legs.

30. While in intense pain, the Officers handcuffed Plaintiff's hands behind his back.

31. Plaintiff repeatedly told the Officers that he was not resisting and did not want to cause any trouble.

32. After being slammed on the ground, the Plaintiff repeatedly pled with the Officers to call an ambulance because he was injured.

33. The Officers refused to provide the Plaintiff with medical attention.

34. Officer Bingham replied that Plaintiff was getting into the police vehicle "one way or another."

35. The Officers then began to drag Plaintiff through the street.

36. Upon information and belief, upwards to 30 members of Plaintiff's community witnessed the incident.

37. Upon information and belief, some witnesses implored the Officers to show restraint because they knew Plaintiff was disabled.

38. A partial video of the incident is available.

39. After about 15 minutes, an ambulance arrived, and the Plaintiff was taken to the hospital in handcuffs.

40. The Officers followed the ambulance to the hospital where they removed the handcuffs from the Plaintiff and left the hospital.

41. Plaintiff suffered a hairline fracture in one of his knee replacements, neck and back contusions and has a scar on his head from the incident.

42. Approximately two hours later, Plaintiff was released from the hospital and never formally arrested.

43. Forty-five days after Plaintiff was released from the hospital, he received a citation for simple possession of 23 grams of marijuana and paraphernalia and fined $373 dollars.

44. Upon being released from the hospital, the Plaintiff spoke with Mayor Sorace to report the incident and the Mayor took no action and negligently ignored Plaintiff's complaint.

45. There was absolutely no reason for the Officers to use such excessive force.

46. The treatment of Plaintiff by the LPD was shocking.

47. Plaintiff has also experienced crippling anxiety since the incident

48. Plaintiff is scared to leave the house as a result of the actions of the LPD and its Officers.

49. The actions of Officer Bingham, Officer Sinnott and the LPD were shockingly violent and the use of excessive force was done without any justification.

50. Upon information and belief, Plaintiff was racially profiled based upon his African American race.

51. Upon information and belief from publicly available sources, there is a clear racial disparity in Lancaster and the LPD has a history and pattern of intentionally discriminating against African Americans and other minorities. For example, in Lancaster County:

    a. Lancaster County is approximately 16 percent African American.

    b. African Americans are arrested over four times the rate of white youth.

    c. Latino youth are arrested at twice the rate of white youth.

52. The actions of Defendants have caused Plaintiff to suffer substantial shame, embarrassment, mental and physical suffering.

53. The foregoing actions of defendants were negligent and/or reckless and/or intentional.

## COUNT I.
## EXCESSIVE FORCE/ASSAULT AND BATTERY

54. The above paragraphs are incorporated herein by reference.

55. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

56. At the time of Defendants' conduct, Plaintiff had not committed any infraction otherwise to legally justify the force used by Defendants.

57. Defendants' actions stated above, inter alia, were committed under color of state law and were violations of Plaintiff's clearly established and well settled Constitutional and other legal rights.

58. Defendants placed Plaintiff in fear of physical harm and contact and then physically harmed and contacted Plaintiff without justification. Plaintiff suffered excessive force by their wrongful conduct all in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and at Common Law.

## COUNT II.
## EIGTH AMENDMENT VIOLATION-FAILURE TO PROVIDE MEDICAL CARE AND TREATMENT

59. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

60. Defendants showed deliberate indifference to Plaintiff's serious medical needs and wanton infliction of pain.

61. Defendants' actions stated above, inter alia, were committed under color of state law and were violations of Plaintiff's clearly establish and well settled Constitutional and other legal rights.

62. Defendants caused Plaintiff to suffer cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

## COUNT III
## 42U.S.C. Sec. 1983
## DISCRIMINATION BASED UPON RACE

63. The above paragraphs are incorporated herein by reference

64. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Plaintiff's clearly established and well settled Constitutional and other legal rights.

65. Said violations were done with malice and/or reckless indifference and warrant the imposition of punitive damages.

66. The aforesaid conduct of Defendants' was intentional and undertaken in reckless disregard for the federally protected civil rights of Plaintiff.

67. As a result of the said violation of 42 U.S.C. § 1983, Plaintiff has suffered discrimination, humiliation, embarrassment, and other harms, and is entitled to entry of judgment in his favor, and against Defendants, together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendant individually, jointly and/or severally, together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, including equitable injunctive relief.

Respectfully Submitted,

BY: */s/ Brian R Mildenberg*
BRIAN R. MILDENBERG, ESQ
MILDENBERG LAW FIRM
Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
**Attorney for Plaintiff**

DATED: 10-19-18

BY: */s/ Matthew Weisberg*
MATTHEW B. WEISBERG, ESQ
WEISBERG LAW
Attorney ID No. 85570
7 South Morton Ave. 19070
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

BY: _____
GARY SCHAFKOPF, ESQ
SCHAFKOPF LAW, LLC
Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
**Attorney for Plaintiff**

DATED: 10-19-18

DATED: 10-19-18